IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LACRISE CRAIG HUDSON** on behalf of herself and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> **HYATT PLACE O'HARE, LLC , HOTEL MANNHEIM CHICAGO, LLC, HONGHAI WANG, INDIVIDUALLY, ERIC CHANG, INDIVIDUALLY AND JEAN MA, INDIVIDUALLY** <br><br> Defendants. | **No.** 1:22-cv- <br><br> **Hon.** <br> U.S. District Judge, Presiding <br><br> Hon. <br> Magistrate Judge |

## COMPLAINT

NOW COMES Plaintiff, **LACRISE CRAIG HUDSON**, ("Plaintiff"), on behalf of herself and all other Plaintiffs similarly situated, known and unknown, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for her Complaint against Defendants, **HYATT PLACE O'HARE, LLC , HOTEL MANNHEIM CHICAGO, LLC, HONGHAI WANG, INDIVIDUALLY, ERIC CHANG, INDIVIDUALLY AND JEAN MA, INDIVIDUALLY** (collectively, "Defendants" or "Hyatt"), state as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3. Defendant, **HYATT PLACE O'HARE, LLC** is an Illinois limited liability company that owns and operates a Hyatt branded hotel franchise located at at 6810 Mannheim Road in Rosemont, Illinois.

4. Defendant Hyatt Place O'Hare, LLC operates a hotel which provides lodging and hospitality services, event and meeting space rentals, catering and sales of prepared food and beverages for consumption on its premises, and other hospitality services for customers. Hyatt Place O'Hare, LLC serves food and beverage products that moved in interstate commerce prior to being used and sold at Hyatt Place O'Hare, LLC's location in Illinois.

5. Hyatt Place O'Hare, LLC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6. During all relevant times, Hyatt Place O'Hare, LLC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Defendant, **HOTEL MANNHEIM CHICAGO, LLC** is an Illinois limited liability company that serves as the owner and sole manager of Hyatt Place O'Hare LLC. Hotel Mannheim

2

Chicago, LLC, through its ownership of Hyatt Place O'Hare, LLC, likewise owns and operates the Hyatt hotel location at 6810 Mannheim Road in Rosemont, Illinois.

8. Defendant Hotel Mannheim Chicago, LLC, through its ownership of Hyatt Place O'Hare, LLC, operates a hotel which provides lodging services, event and meeting space rentals, catering and sales of prepared food and beverages for consumption on its premises, and other hospitality services for customers. Hotel Mannheim Chicago, LLC serves food and beverage products that moved in interstate commerce prior to being used and sold at Hotel Mannheim Chicago, LLC's location in Illinois.

9. Hotel Mannheim Chicago, LLC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

10. During all relevant times, Hotel Mannheim Chicago, LLC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

11. Defendant **HONGHAI WANG** (hereinafter referred to individually as "Wang", and any reference to Hyatt shall likewise include and refer to Wang) is the President and owner of Hyatt Place O'Hare, LLC and the primary decision maker of Hyatt. Wang maintains an address at 6503 Manor Drive in Burr Ridge, Illinois.

12. In his capacity as President, owner and manager of Hyatt, Wang was vested with the authority to implement and carry out the wage and hour practices of Hyatt.

13. Thus, at all times relevant hereto Wang was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

3

14. Defendant **ERIC CHANG** (hereinafter referred to individually as "Chang", and any reference to Hyatt shall likewise include and refer to Chang) is the President and owner of Hotel Mannheim Chicago, LLC, which owns and operates Hyatt Place O'Hare, LLC, and is a primary decision maker of Hyatt. Chang maintains an address at 916 W 21st St. in Chicago, Illinois.

15. In his capacity as President, owner and manager of Hyatt, Chang was vested with the authority to implement and carry out the wage and hour practices of Hyatt.

16. Thus, at all times relevant hereto Chang was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

17. Defendant **JEAN MA** (hereinafter referred to individually as "Ma", and any reference to Hyatt shall likewise include and refer to Chang) is the General Manager of the Hyatt Place O'Hare as owned and operated by Hyatt Place O'Hare, LLC and Hotel Mannheim Chicago, LLC.

18. In her capacity as General Manager of Hyatt, Ma was vested with the authority to implement and carry out the wage and hour practices of Hyatt.

19. Ma acted as the manager of Hyatt and was responsible for assigning tasks, creating and distributing schedules, operations supervision, and payment of wages. Ma oversaw all aspects of Hyatt's business operations, client interactions and hospitality service.

20. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Ma and Ma in turn responded to those communications with the authority described herein.

21. Thus, at all times relevant hereto Ma was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

4

22. Plaintiff, **LACRISE CRAIG HUDSON,** is a former employee of Hyatt. Plaintiff was employed as a housekeeper. Plaintiff performed housekeeping and janitorial services for Hyatt, including cleaning guest rooms, laundry, restocking soaps and minibar items and a host of other related duties.

23. Plaintiff was consistently required to work more than 40 hours each week and was not paid overtime premiums of one and one-half her regular rate of pay for such hours.

24. Plaintiff was paid only her straight time hourly rate for only the first eighty (80) hours every two weeks. However, Plaintiff almost always worked far in excess of hours 80 hours every two weeks, as recorded on her timesheets.

25. As such Plaintiff did not receive any hourly compensation, straight time or overtime wages, for hours worked in excess of 40 in individual work weeks or 80 in two-week pay periods.

26. Additionally, Plaintiff was required to clock in and out for thirty (30) minute meal breaks each shift. However, Plaintiff was regularly interrupted during her meal breaks and required by Hyatt management to return to work but remain clocked out for the remainder of the meal period in violation of the agreement made between Plaintiff and Defendants at the time of her hiring that she would be paid for all hours working and performing her duties.

27. Due to the demands of Plaintiff's job, Plaintiff was either unable to take a 30-minute meal break at all or was interrupted during her break and required to return to work by Defendants' management employees, such that Plaintiff should have been paid for that time.

28. As such, Plaintiff was required to perform work that was not recorded by Hyatt – or work off the clock. Plaintiff was not compensated for work performed "off the clock" during her interrupted meal breaks, resulting in additional unpaid regular and overtime wages.

29. Plaintiff worked over 40 hours in many work weeks she worked for Defendants and was not paid overtime premiums of one and one-half her regular rate of pay.

30. Hyatt should have compensated Plaintiff on an hourly basis at a rate of one and one-half her regular rate of pay for all hours worked over 40 in individual work weeks.

31. Plaintiff is owed both her straight time wages and the additional half-rate, or the entire 1.5x rate, for all hours worked over 40 in individual work weeks and 80 in two-week pay periods.

32. Defendants compensated Plaintiff, and members of the Plaintiff Class by the hour and failed to pay any compensation, including both straight time and overtime wages for hours worked in excess of 40 in individual work weeks and 80 over two-week pay periods.

33. Furthermore, Defendants failed to pay Plaintiff and members of the Plaintiff Class wages for work performed off the clock during interrupted meal breaks, resulting in additional unpaid wages.

34. Upon information and belief, Defendants compensated all housekeeping and other hourly hotel employees in the same or similar manner as Plaintiff by failing to compensate them for both straight and overtime wages, or the entire 1.5x rate, for hours worked in excess of 40 in individual work weeks and 80 over two-week pay periods through the illegal practices described herein.

35. Defendants' conduct, practices and policies as alleged herein were in violation of the federal and state laws relied upon herein.

36. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who were:

   a) also paid hourly wages only up to 80 hours each two-week pay period and as such, were not paid straight or overtime wages for hours worked in excess of 40 in individual work weeks and 80 over two-week pay periods a flat; and

6

      b)    required to work off the clock during interrupted meal breaks and were not paid for the unrecorded work time

37.    As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

38.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq* and recover unpaid minimum and overtime wages earned on or before the date two (2) years prior to the filing of this action. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

39.    Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Count IV of this action is brought by Plaintiff to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

40.    Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq*., Count V of this action is brought by Plaintiff to recover compensation and wages that were earned but not paid by Defendants, by which Plaintiffs and Defendants had agreed would be paid, on or

before ten (10) years prior to the date of filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

V.  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

41. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants as a housekeeper.

42. Plaintiff's employment as a housekeeper was integral and indispensable to Defendants' hotel and hospitality business.

43. Plaintiff began working for Hyatt as a housekeeper in approximately February 2022. Plaintiff separated from Hyatt in July or August of 2022.

44. At the start of Plaintiff's employment, in approximately January or February of 2022, Plaintiff and Defendants agreed that Plaintiff would be paid her hourly rate (or a pro-rata amount for partial hours worked) for all hours worked for Hyatt.

45. During the interview process and hiring stage prior to the first day of employment, Plaintiff entered into a verbal agreement with Hyatt that Plaintiff would be paid for all hours she worked and performed her assigned duties.

46. Plaintiff's offer letters, training documents and other employment documents and records provided to Plaintiffs by Hyatt in early 2022 further solidified the Parties' agreement that Plaintiff would be paid for all hours worked and time spent performing assigned duties, including pro-rata wages for partial hours.

47. Plaintiff performed a variety of duties related to housekeeping and janitorial services, including cleaning guest rooms, making beds, reorganizing guest rooms, doing laundry, restocking guest room supplies, and related cleaning work and other manual labor. Plaintiff

performed exclusively manual cleaning and labor duties for Defendants.

48. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Ma. Ma managed day-to-day activities for Plaintiff and all other workers, at the direction of Hyatt's owners, Wang and Chang.

49. Ma, Wang and Chang were directly involved in all of Hyatt's business operations, including the minute details of the specific duties being performed by Plaintiff and other employees at Hyatt's hotel each day. Ma directly supervised and managed Plaintiff and putative class members on a daily basis.

50. Ma regularly communicated with Plaintiff by phone, text message and in person to assign work hours, duties and discuss other employment matters, including wages.

51. Plaintiff was paid $24 per hour, as indicated on Plaintiff's paystub summaries.

52. Plaintiff's schedule varied over the course of her employment with Defendants, as the days worked per week and the start/end times of shifts changed week to week.

53. Plaintiff worked at least five (5) days per week, from 7:00 a.m. to 7:00 p.m. or 10:00 a.m. to between 8:00 p.m. and 10:00p.m. Plaintiff also worked some weekends – typically four (4) weekend days per month.

54. Plaintiff clocked in and out each shift in accordance with Hyatt's timekeeping policies. As such, aside from the off the clock work Plaintiff was required to perform over interrupted meal breaks, Plaintiff believes the hours recorded in Defendant's timekeeping system are an accurate reflection of Plaintiff's work hours.

55. Plaintiff regularly worked, and clocked, hours in excess of the 80 hours for which she was paid each pay period.

56. Over the course of Plaintiff's employment, Plaintiff regularly and frequently had to work in excess of her regular shifts, including uncompensated work off the clock, without any

9

additional straight or overtime payments over and above 80 hours over two-week pay periods.

57. Over the course of Plaintiff's entire employment, she was always paid for the first 80 hours worked each two-week pay period. Plaintiff was not compensated regular, straight time or overtime wages for any work performed above 40 hours in individual work weeks and 80 hours in two-week pay periods.

58. Over the course of her employment, Plaintiff complained to Defendants, specifically Ma, about Defendants' failure to pay proper minimum or overtime wages.

59. The illegal practices not compensating Plaintiff for hours worked in excess of 80 in two-week pay periods was implemented by Hyatt intentionally and for the specific purpose of avoiding the overtime obligations of the FLSA and IMWL.

60. During her employment, Plaintiff was rarely, if ever, able to take a meal break. As a result, Plaintiff continued to work and perform her assigned duties during these times where Hyatt nonetheless required Plaintiff to clock out and remain clocked our for 30 minutes of working time during a purported meal break.

61. Plaintiff was either unable to attempt a meal break at all because she was busy cleaning with patients and never left their stations or, in the event they attempted to take a meal break, Plaintiffs were interrupted my Defendants' management staff and ordered to return to work.

62. Even though Plaintiffs were required to work through meal breaks, Defendants' payroll system automatically deducted at least 30 minutes per shift for a meal break. As such, Defendants regularly deducted working time from Plaintiffs' pay such that Plaintiffs were not compensated for all earned wages for work suffered on behalf Defendants for Defendants' benefit as agreed upon by the Parties over the course of the interview, hiring and onboarding process and as stated in Defendants' training documents.

63. To the extent Plaintiffs worked at least 40 hours in a week (including time worked during the automatically deducted meal breaks), Plaintiffs are owed overtime premiums of one and one-half their regular hourly rates of pay for such hours.

64. Defendants' common policy of automatically deducting meal breaks from wages deprived Plaintiffs and putative class members earned wages and overtime wages.

65. Upon information and belief, Plaintiff understood that all housekeeping employees were paid in the same or similar fashion as described above and were also denied regular and overtime wages for hours worked in excess of 40 in individual work weeks and 80 in two-week pay periods.

66. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at the required regular and overtimes wages pursuant to the requirements of the federal, state and local law.

67. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of work hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

68. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

69. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and

practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-69. Paragraphs 1 through 69 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 69 of this Count I.

70. Plaintiff, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

71. Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

72. Plaintiff, and members of the Plaintiff Class, were not exempt from the minimum wage provisions of 29 U.S.C. §206.

73. Plaintiff, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

74. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

75. Defendants have at all times relevant hereto failed and refused to pay compensation to their workers/employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2)

years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-75. Paragraphs 1 through 75 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 75 of Count II.

76. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

77. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

78. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than the minimum wage and overtime compensation of one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional

year, totaling three (3) years preceding the filing of this Complaint;

    (b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

    (c)    Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

    (d)    such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-78.    Paragraphs 1 through 78 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 78 of Count III.

79.    In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

80.    Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

81.    The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

    (a)    liquidated damages equal to the amount of all unpaid compensation;

    (b)    Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-81. Paragraphs 1 through 81 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 81 of this Count IV.

82. Plaintiff, and members of the Plaintiff Class, were each an "employee" under 820 ILCS 105/3(d) of the IMWL.

83. Defendants were each an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

84. Plaintiff, and members of the Plaintiff Class, were not exempt from the minimum wage provisions of the IWML, 820 ILCS 105/4(a)(1).

85. Plaintiff, and members of the Plaintiff Class, were not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4a(1).

86. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

87. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

88. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein,

and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-88. Paragraphs 1 through 88 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 88 of this Count VI.

89. Plaintiff, and members of the of the Plaintiff Class, were each an "employee" under the CMWO §6-105-010 of the Municipal Code of Chicago.

90. Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

91. Plaintiff, and members of the Plaintiff Class, were and are not exempt from the minimum wage of the CMWO, §6-105-020.

92. Plaintiff, and members of the Plaintiff Class, were and are not exempt from the overtime provisions of the CMWO, §6-105-040.

93. Pursuant to §6-105-020, Plaintiff and members of the Plaintiff Class were entitled to be paid the applicable minimum wage for all hours worked.

94. Pursuant to § 6-105-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

95. Defendants' failure and refusal to pay required minimum or overtime wages were violations of the minimum hourly wage and overtime compensation provisions of the § 6-105-020, 040.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 08/08/2022***

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

                                      Attorneys for Plaintiff, and those similarly situated, known and unknown

                                      BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450